CRICHTON, J.,
additionally concurs and assigns reasons.
[7I join the majority in granting petitioner a limited license to practice law in the State of Louisiana as provided by La. Sup. Court. Rule XVTI, § 14. I write separately to point out that while petitioner’s past conduct is egregious indeed, the application before this Court demonstrates that he has made, full restitution; he has acknowledged his wrongdoing, and he has consistently sought atonement for the far-reaching consequences of his actions, Notably, he met the stringent requirements to be re-admitted to the bar in another jurisdiction, and is presently a member in good standing there. Furthermore, although petitioner previously applied for a limited license in Louisiana in 2012, which this Court denied, I believe the additional time since that decision has allowed petitioner an even greater opportunity for professional improvement ' and reestablishment.
Petitioner has also shown sufficient, rehabilitative efforts, through counseling and therapy, as well as his full disclosure with his present employer, who supports and encourages petitioner’s application. Moreover, this Court is only granting a limited ability to practice law as.an in-house counsel for petitioner’s present employer, and he will not be afforded the full benefits of a standard practicing lawyer. In my view, based upon the time that has passed, and petitioner’s sufficient showing that he has made every effort to follow, and continue on, a straight and narrow path, this Court has made the correct decision to allow petitioner a limited license to practice law in Louisiana.